IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| KAREN L. GLADWIN,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | No. C10-0084<br><br>RULING ON JUDICIAL REVIEW |

This matter comes before the Court on the Complaint (docket number 3) filed by Plaintiff Karen L. Gladwin, on June 18, 2010, requesting judicial review of the Social Security Commissioner's decision to deny her applications for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits.[1] On November 19, 2010, the Social Security Commissioner ("Commissioner") filed an Answer (docket number 7). A Social Security Briefing Schedule Order (docket number 9) was entered on November 22, 2010.[2] Gladwin filed her brief (docket number 13) on January 11, 2011. On March 2, 2011, both parties filed a Joint Motion to Reverse and Remand and for Entry of Final Judgment (docket number 18).

---

[1] On September 28, 2010, both parties consented to proceed before a United States Magistrate Judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

[2] On December 22, 2010, Gladwin filed a Motion for Extension of Time (docket number 10) to file her brief. The Court granted her motion and extended the deadline for filing the briefs in this matter. See docket number 11. Gladwin did not comply with the new deadline for filing her brief, but filed her brief several days after the deadline. See Docket number 13.

1

In the joint motion, the parties assert that:

> [F]ollowing a review of the record regarding [Gladwin's] impairments and resulting limitations, counsel [for the Commissioner] requested that the Appeals Council of the [Social Security Administration] reconsider the Commissioner's decision, specifically with regard to the Commissioner's consideration of [Gladwin's] mental limitations. Upon review, the Appeals Council determined that remand was appropriate for further consideration of [Gladwin's] claim. [Gladwin's] counsel agrees that remand is appropriate.

*See* Memorandum in Support of Joint Motion of the Parties to Reverse and Remand and for Entry of Final Judgment (docket number 18-1) at 2.

Because the Commissioner requests a remand pursuant to sentence four of 42 U.S.C. § 405(g),[3] the Court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Court has reviewed the record in this matter and finds that remand for further consideration is appropriate. Accordingly, the Court finds that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with directions to obtain testimony from a medical expert to clarify Gladwin's mental limitations and to obtain supplemental vocational expert testimony as to the effect of the mental limitations on Gladwin's ability to work.[4]

---

[3] 42 U.S.C. § 405(g) provides in pertinent part:
> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

[4] *See* Memorandum in Support of Joint Motion of the Parties to Reverse and Remand and for Entry of Final Judgment (docket number 18-1) at 3.

## *ORDER*

For the foregoing reasons, it is hereby **ORDERED**:

This matter is **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this 2nd day of March, 2011.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA